IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11304
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MEZA-MORIEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-94-A-12
--------------------
November 8, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Carlos Meza-Moriel appeals his conviction and sentencing following a conditional plea of guilty. Meza argues that the district court erred in: 1) allowing the Government to cross-examine him during an evidentiary hearing; 2) denying his motion to dismiss based on a violation of his right to a speedy trial under the Sixth Amendment; and 3) denying the Government's motion to continue his sentencing hearing.

We turn first to Meza's argument that the district court erred in allowing the Government to question him at the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary hearing. This court reviews the admission of evidence for an abuse of discretion, considering any errors under the harmless error doctrine. United States v. Taylor, 210 F.3d 311, 314 (5th Cir. 2000)(citation omitted). While there is no federal right to limit the testimony of a witness on a preliminary matter to one single phase of an issue, United States v. Gomez-Diaz, 712 F.2d 949, 951 (5th Cir. 1983), the Federal Rules of Evidence provide that "[t]he accused does not, by testifying upon a preliminary matter, subject himself to cross examination as to other issues in the case." Fed. R. Evid. 104(d). The issue in the evidentiary hearing was whether the loss of two witnesses during the two-year delay between indictment and arrest had prejudiced Meza's defense. Because the record reflects that the Government's questioning was limited to the issue of actual prejudice, the district court did not err in allowing the questioning.

We turn next to the district court's denial of Meza's motion to dismiss for Sixth Amendment speedy trial violations. In resolving a constitutional speedy trial claim, this court examines the following four factors: 1) the length of delay; 2) the reason for the delay; 3) when the defendant asserted his right; and 4) the prejudice to the defendant resulting from the delay. United States v. Garcia, 995 F.2d 556, 560 (5th Cir. 1993)(citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). A district court's findings in applying this balancing test and its overall evaluation are reviewed for clear error. See Robinson v. Whitley, 2 F.3d 562, 568 (5th Cir. 1993). Because the district

court's findings and its overall evaluation of the factors set forth above are plausible in light of the record read as a whole, they are not clearly erroneous.

Finally, we turn to Meza's argument that the district court erred in denying the Government's motion to continue the sentencing hearing. Meza raises this issue for the first time on appeal as he did not object at sentencing to the district court's denial of the Government's motion. However, Meza makes only conclusory allegations of prejudice arising from the district court's ruling and provides no citations to authority concerning the denial of a motion for continuance. Because this issue has been insufficiently briefed, it is deemed abandoned on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

In light of the foregoing, the judgment of the district court is AFFIRMED.